## WILSON v. VIOLETTE et al.

Court of Appeals of Kentucky.

May 18, 1951.

978

O. M. Smith, Russellville, for appellant.

J. G. Clark, G. S. Milam, Russellville, for appellee.

MILLIKEN, Justice.

This suit was instituted by A. T. Violette, the plaintiff below, against Boyd Wilson, J. A. Hill and Orbie Tabb, the defendants below, to recover damages to his automobile. The case was submitted to the jury and they found for the plaintiff in the sum of $600 against all three defendants. The defendant Boyd Wilson alone prosecutes this appeal.

Violette's automobile was parked off the highway right of way in front of Hall's Store which is located, generally speaking, at the southeast corner of the intersection of the Nashville-Russellville Highway (State Route No. 75) and the Schochoh Road. The truck of the defendant, J. A. Hill, was being operated in a northerly direction by Orbie Tabb, at the time it collided with the automobile of the appellant, Boyd Wilson, after which it careened across the parking space in front of Hall's Store and crashed into the parked automobile of Mr. Violette.

The theory of the appellee, J. A. Hill, is that his truck which was being driven by Orbie Tabb was traveling in its proper lane of the highway when Wilson drove his car out on the main highway from the Schochoh Road and turned it south and, immediately after reaching the right side of the main highway and without any signal being given, abruptly changed its course to the left for the purpose of going to Hall's Store; that, in an effort to avoid the collision, the driver of the Hill truck pulled to his right as far as possible, but the collision occurred, nevertheless, and threw the truck against Violette's parked vehicle.

The appellant, Wilson, contends that his car was struck while it was standing still on the parking lot some 20 feet from the east edge of the public highway after he had turned off the Schochoh Road some 12 feet before reaching the intersection. The evidence is conclusive Wilson's car was partly on the highway after the accident.

The appellant urges two grounds for reversal of the judgment: (1) The failure of the trial court to give a peremptory instruction in his favor; and (2) the instructions were erroneous in the light of the proof presented in the case.

The two theories of how the accident occurred are contradictory, but there is testimony in the record tending to support both theories. Tabb, the driver for J. A. Hill, and his passenger Clark both testified that he (Tabb) pulled to his right in an attempt to avoid the collision. The right front fender of the Wilson car and the left front fender of the truck were the points of contact which tends to confirm Tabb's statement. The front of Wilson's car was on the public highway after the accident. The testimony of these two witnesses, coupled with the undisputed physical facts mentioned above, were sufficient to take the case to the jury. A case should be submitted to the jury if there is evidence that the defendant's negligence was the proximate cause of the accident. Robinson v. O'Keefe's Ex'x, 253 Ky. 256, 66 S.W.2d 37.

We conclude that the trial court's instructions fairly submitted the issues to the jury and that no error was committed in refusing to give the instructions tendered by the appellant.

The judgment is affirmed.